In the Matter of the Claim of EDWARD CONNER, Respondent, against EASTERN SIGNS COMPANY et al., Appellants. In the Matter of the Claim of JULIUS BRAND, Respondent, against EASTERN SIGNS COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals by alleged employer and carrier from decisions and awards of the Workmen's Compensation Board. Claimants were injured in the same accident November 9, 1948, when they fell from a scaffold on which they were working in the alteration of a summer cottage at Angola, New York. The cottage was owned by George R. Hochreiter who had no connection with the Eastern Signs Company. His son George Hochreiter was an officer and a major stockholder of the company. The father lived with his son. The son hired one of the claimants who was to supply the necessary labor to improve the cottage. There was no statement by or to anyone at the time of employment or during the course of work that the employment was by the corporation. Claimants were not on the corporation's payroll. They were paid by George Hochreiter from his own funds. He said he "expected" reimbursement from the corporation. The material was billed to and paid for by the corporation. George Hochreiter testified that whether the corporation would benefit indirectly from the work on his father's cottage was "a hard question to answer" adding that "indirectly" the corporation would "benefit". He testified the cottage was sometimes used to "entertain" customers of the corporation and for picnics for employees. There is, however, in all this, no substantial evidence of an employee-employer relationship between claimants and the corporation in the work in which they were engaged, even assuming there might be some indirect benefit to the corporation from the work. The only employee's claim for compensation that appears in the record (Conner)

names "Geo. H. Hochreiter" the owner of the premises as the "employer". Neither claimant testified that the company employed him or that anyone said that it did or that it was so understood. "Indirect benefit" from the results of an improvement to a cottage is far short of showing employment in the work itself. The finding that there was such employment has no substantial evidentiary foundation. Decisions and awards reversed, on the law, with costs against the Workmen's Compensation Board. Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ., concur.